We reject defendant's further contention that he was deprived of effective assistance of counsel. A review of the record as a whole, including the trial, demonstrates that defendant received meaningful representation (*see generally People v Schulz*, 4 NY3d 521, 530-531 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]). In addition, although the People correctly concede that the court erred in permitting the prosecutor to introduce at trial a "wanted poster" that depicted defendant and others as the 10 most wanted suspects in the Buffalo area, we conclude that the error is harmless. The proof of defendant's guilt is overwhelming, and "there is no significant probability that defendant would have been acquitted if not for the error" (*People v Batjer*, 77 AD3d 1279, 1281 [2010], *lv denied* 17 NY3d 951 [2011]). Defendant's neighbor testified that he saw defendant shoot the victim twice at close range, another witness heard the shots, the victim implicated defendant as the shooter, ballistics evidence linked the bullets that killed the victim with ammunition seized from defendant's bedroom, and defendant immediately fled the scene, demonstrating consciousness of guilt (*see generally People v Zuhlke*, 67 AD3d 1341, 1341 [2009], *lv denied* 14 NY3d 774 [2010]). Furthermore, we note that the prosecutor did not mention the poster during his summation.

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

RJ TAYLOR GENERAL CONTRACTING, INC., Respondent-Appellant, v FAIRPORT CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [951 NYS2d 443]—

Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Respondent, v ERIE COUNTY WATER AUTHORITY, Appellant. [952 NYS2d 365]—